IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PARAZETTA HOWARD | * | |
| **PLAINTIFF** | | **CIVIL ACTION** |
| | * | |
| v. | | |
| | * | **FILE NO:** 4:10-CV-129-CDL |
| BANK OF AMERICA | | **Jury Trial Demanded** |
| **DEFENDANT** | * | |

## COMPLAINT

COMES NOW Parazetta Howard, hereinafter designated and referred to as Plaintiff, and brings this her action as against Bank of America, hereinafter designated and referred to as Defendant, and for cause respectfully shows as follows:

### PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. § 1681, et. seq.  Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and attorney's fees, and intentional infliction of emotional distress.

### PARTIES

2.

Plaintiff is a natural person and consumer, a resident of Muscogee County, Georgia, and a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

3.

Defendant Bank of America is a bank formed under the laws of the state of North Carolina and does business in the State of Georgia.

Defendant can be served through its registered agent: Shakinah Edwards, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, (Fulton County) Georgia 30361.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over this Complaint pursuant to the FCRA, 15 U.S.C. § 1681, et. seq., FDCPA, and 28 U.S.C. § 1331.

5.

Venue is proper in the Middle District of Georgia pursuant to 15 U.S.C. § 1681p and 28 U.S C. § 1391(b)(2).

## STATUTORY STRUCTURE

## FAIR CREDIT REPORTING ACT

6.

The Fair Credit Reporting Act (FCRA), 15 U .S.C. § 1681, et. seq. was enacted to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681(b).

7.

Under the FCRA, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A).

8.

Under the FCRA, after receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall (A) conduct an investigation with respect to the disputed information ; (B) review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. 15 U.S.C. § 1681s-2(b).

9.

Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00, such amount of punitive damages as the Court may allow, and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n.

10.

Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the

consumer as a result of the failure, the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681n(3).

## FACTS

11.

Hilda Howard is Plaintiff's daughter. At all relevant times, Hilda Howard had a VISA credit card account with Defendant Bank of America, or its predecessors in interest. That account was assigned a sixteen-digit number ending in 6869.  Although Plaintiff was designated as an authorized user on the account, she has never agreed to become a joint debtor on the account and has never incurred charges on the account.

12.

Hilda Howard is the only debtor legally responsible for the amounts owed on Account 6869.

13.

Hilda Howard filed bankruptcy in October 2005. Account 6869 was one of the accounts which she discharged in that bankruptcy case.

14.

Prior to October, 2005 Plaintiff received documents from Bank of America indicating, erroneously, that she was a joint debtor on the account. On or about July 2, 2008, Plaintiff, via an attorney, wrote to Bank of America through its agent Nelson, Watson & Associates explaining that she disputed the debt, that it should be verified and that no communications should be made directly to her. Plaintiff did not then realize that Bank of America had adversely affected her files with consumer reporting agencies.

15.

Despite written notification, Plaintiff continued to be listed as a debtor on Account 6869. After Miss Howard filed bankruptcy and despite its knowledge that Plaintiff was not legally responsible for the debt, Bank of America engaged in a very aggressive attempt to collect against Plaintiff for the outstanding balance owed on Account 6869. This effort began in May of 2004 when Bank of America started sending collection letters to Plaintiff. Bank of America's letters accused Plaintiff of owing a debt that was "seriously past due." Bank of America urged Plaintiff to make immediate payments and threatened legal action if she failed to do so. Bank of America also informed Plaintiff that she would be responsible for Bank of America's lawyer's fees if she did not make payments immediately.

16.

Despite repeated written notification that Plaintiff was not a debtor on Account 6869, Bank of America furnished information to the major credit reporting agencies falsely stating that Plaintiff was a debtor on Account 6869 and that she was delinquent on that account.

17.

Sometime after it received the written notice from Plaintiff, Bank of America sold the account to Pinnacle Credit Services, LLC, or its principal who caused her to be contacted by Thomas Landis, a law firm, to collect the unpaid balance owed on Account 6869 from Plaintiff. On December 15, 2008, Landis sent a collection letter to Plaintiff. The letter referenced a Bank of America Account and urged Plaintiff to pay the amount owed on that Account.

After receiving Landis' December 15, 2008 letter, Plaintiff obtained her consumer reporting file and retained Attorney John Roper.  Attorney John Roper, acting on Plaintiff s behalf, contacted Landis by phone and then in writing, disputing the debt alleged owed by Plaintiff and demanded that Landis verify the matter.

18.

Plaintiff does not know at what point Bank of America began reporting the erroneous information.

19.

In December 2009, Plaintiff wrote TransUnion, Equifax and Experian together with Defendant disputing the reference on her credit report to Account 6869. She explained that she is not a debtor on that account and that Bank of America had refused to send any documentation establishing her responsibility for that debt.

20.

The Consumer Reporting Agencies wrote to Plaintiff stating that they would contact Bank of America and advise them of her dispute of the debt allegedly owed on Account 6869. TransUnion promised to request Bank of America to verify the accuracy of the reported debt. TransUnion further stated that when its investigation was completed, Plaintiff would receive a written response from them.

21.

TransUnion and Equifax informed Plaintiff that they had completed reinvestigating, but nevertheless continued to erroneously report the Bank of America Account 6869 on her credit report as a past due account owed by her.

TransUnion and Equifax reinvestigated the claims of Plaintiff but simply parroted the erroneous information reported by Bank of America, which failed to conduct a reasonable investigation to determine the validity of Plaintiff's articulated concerns.

22.

On March 18, 2010, Plaintiff again wrote to TransUnion and Equifax, copying Defendant Bank of America to explain that the amount owed on Account 6869 should not be listed on her report. However, TransUnion continued to report this debt on Plaintiff s report. In fact, TransUnion reported the debt as verified, no change.

23.

Bank of America has negligently and/or willingly failed in its duties pursuant to 15. U.S.C. § 1681s-2(b) to conduct an investigation and report that its representation that Plaintiff was a debtor on Account 6869 was inaccurate.

24.

Despite Bank of America s knowledge of Plaintiff s dispute that she is responsible for Account 6869, Bank of America continued reporting the damaging information about Plaintiff.

## COUNT I

## NEGLIGENCE

Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs as if fully set forth herein.

25.

Bank of America at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing Account 6869.

This included the duty to recognize Plaintiff s status as an authorized signer only and not a co-debtor on the account.

26.

Bank of America's actions in attempting to collect amounts due from Plaintiff on Account 6869 and otherwise treating Plaintiff as if she were a debtor on Account 6869, constitute negligence and Plaintiff has been damaged as a proximate result of that negligence.

27.

This claim is based solely upon actions taken in managing Account 6869 and Bank of America's attempts to collect payments from Plaintiff on that account. This claim is not premised on actions relating to the reporting of information to any consumer reporting company, nor does this claim relate to any duty Bank of America may have had as a furnisher of information under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et. seq.

Wherefore, Plaintiff requests that this Court enter a Judgment against Defendant Bank of America for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT II

## WANTONNESS

Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs as if fully set forth herein.

28.

Bank of America's action in attempting to collect from Plaintiff the amounts due on Account 6869 and otherwise treating Plaintiff as if she were a debtor on Account 6869, even though Bank of America knew or should have known that Plaintiff was not a debtor on that account, were taking with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Bank of America's wantonness.

29.

This claim is based solely upon actions taken in managing Account 6869 and Bank of America s attempts to collect payments from Plaintiff on that account. This claim is not premised on actions relating to the reporting of information to any consumer reporting company, nor does this claim relate to any duty Bank of America may have had as a furnisher of information under the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et.seq.

Wherefore, Plaintiff requests that this Court enter a Judgment against Defendant Bank of America for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT III

## FAIR CREDIT REPORTING ACT CLAIM

Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs as if fully set forth herein.

30.

Bank of America willfully and/or negligently violated the provisions of FCRA by willfully and/or negligently failing to comply with its duties imposed by 15 U.S.C. § 1681s-2(b), including but not limited to (1) its duty to conduct an appropriate investigation with respect to Account 6869, (2) to review all relevant information provided by the Plaintiff regarding that account; and (3) to report to the credit reporting bureaus that its reporting regarding Account 6869 was inaccurate.

31.

Plaintiff has been damaged as a proximate result of Bank of America s failure to comply with FCRA.

Wherefore, Plaintiff requests that this Court enter a Judgment against Defendant Bank of America for violations of the FCRA and award Plaintiff actual damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

### COUNT IV

### NEGLIGENT DISSEMINATION OF INACCURATE INFORMATION

Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs as if fully set forth herein.

32.

Defendant Bank of America negligently furnished, published or otherwise disseminated credit information which Defendant knew or should have known was false.

33.

Plaintiff has suffered damages as a proximate result to Defendant's negligence.

34.

These actions were made with malice and/or willful intent to harm Plaintiff.

Wherefore, Plaintiff requests that this Court enter a Judgment against Defendant Bank of America and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT V

### WANTON DISSEMINATION OF INACCURATE INFORMATION

Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs as if fully set forth herein.

35.

Defendant Bank of America wantonly furnished, published or otherwise disseminated credit information which Defendant knew or should have known was false.

36.

Plaintiff has suffered damages as a proximate result to Defendant's wantonness.

37.

These actions were made with malice and/or willful intent to harm Plaintiff.

Wherefore, Plaintiff requests that this Court enter a Judgment against Defendant Bank of America and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.

Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT VI

## GEORGIA FAIR BUSINESS PRACTICES ACT

Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs as if fully set forth herein.

38.

Because misrepresenting consumers' financial indebtedness to others or falsely reporting consumers' credit histories has a potential adverse affect on the consumer marketplace and the economy in general, collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the state Fair Business Practices Act (FBPA). <u>1st Nationwide Collection Agency, Inc. v. Werner</u>, 2007, 288 Ga.App. 457, 654 S.E.2d 428. Antitrust And Trade Regulation.

39.

Defendant's fraudulent and deceptive acts and practices are violative of O.C.G.A. § 10-1-393, et. seq.

40.

Defendant's misrepresentative reporting that Plaintiff is a delinquent debtor violative of O.C.G.A. § 10-1-393, et. seq.

41.

Because Defendant's actions in each of the foregoing matters are intentional, Plaintiff is entitled to all actual damages as set forth above, statutory damages, general damages as proven at trial, and punitive damages, together with treble damages all pursuant to O.C.G.A. § 10-1-399, et. seq.

**PRAYERS**

Wherefore, Plaintiff respectfully prays as follows:

(a) that Summons issue and Defendant be served as by law provided;

(b) that Plaintiff be awarded judgment for all reasonable damages allowed by law and all reasonable damages sustained by Plaintiff including, but not limited to, all actual, statutory, exemplary, and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time attempted to repair her credit, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid;

(c) that Plaintiff be awarded statutory damages for violation of the FCRA;

(d) that Plaintiff be awarded actual damages together with treble damages for violation of the GFBPA including punitive damages, attorney's fees, and expenses of litigation;

(e) that all issues triable by jury be tried by a jury;

(f) that all costs of this action be taxed to Defendant; and

(g) for such other and further relief as unto this Court may seem just and equitable in the premises.

This 22nd day of November 2010.

/S/John W. Roper
John W. Roper

Prepared by:

John W. Roper
5353 Veterans Parkway, Suite A
Columbus, Georgia 31904
(706) 596-5353
johnroper@roperlaw.com
State Bar No: 614159